UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESTINY SHIPLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>WHITNEY KULP, et al.,<br><br>    Defendants, | No. 2:20-cv-2262 TLN DB PS<br><br><br><br>ORDER |

Plaintiff Destiney Shipley is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On December 14, 2021, defendants filed motions to dismiss. (ECF Nos. 8, 12, 13.) On January 13, 2021, plaintiff filed an amended complaint. (ECF No. 28.)

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, plaintiff's amended complaint was filed more than 21 days after defendants filed the motions to dismiss.

However, "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)

1

1   (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when

2   justice so requires."). Courts "need not grant leave to amend where the amendment: (1)

3   prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the

4   litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly

5   broad where the court has already given the plaintiff an opportunity to amend his complaint."

6   Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th

7   Cir. 1986).

8       Here, the court has not previously granted plaintiff leave to amend. Nor can the

9   undersigned find that granting plaintiff leave to amend would prejudice the opposing parties, is

10   sought in bad faith; would produce an undue delay, or would be futile. Therefore, and in light of

11   plaintiff's pro se status, the undersigned will construe plaintiff's filing as a request for leave to

12   amend and grant that request.

13   **CONCLUSION**

14       Accordingly, IT IS HEREBY ORDERED that:

15       1. Plaintiff's January 13, 2021 motion to leave to amend (ECF No. 28) is granted;

16       2. The amended complaint filed on January 13, 2021 (ECF No. 28) is deemed the

17   operative complaint in this action;

18       3. Defendants shall file a response to the amended complaint within twenty-one days of

19   the date of this order;

20       4. Defendants' December 14, 2020 motions to dismiss (ECF Nos. 8, 12, 13) are denied

21   without prejudice to renewal as having been rendered moot; and

22       5. The January 22, 2021 hearing of defendants' motion to dismiss is vacated.

23   Dated:  January 21, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/shipley2261.lta.ord