1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DESTINY SHIPLEY,                              No.  2:20-cv-2262 TLN DB PS

12                   Plaintiff,

13             v.                                   ORDER

14    WHITNEY KULP, et al.,

15                   Defendants,

16

17            Plaintiff Destiney Shipley is proceeding in this action pro se.  This matter was referred to

18    the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19    before the undersigned are defendants' motions to dismiss pursuant to Rule 12(b)(6) of the

20    Federal Rules of Civil Procedure and plaintiff's request for leave to amend.  (ECF No. 49.)  For

21    the reasons stated below, defendants' motions to dismiss will be granted and plaintiff will be

22    granted leave to file a third amended complaint.

23                                        **BACKGROUND**

24            Plaintiff, proceeding pro se, commenced this action on November 12, 2020, by filing a

25    complaint and later paying the applicable filing fee.  (ECF No. 1.)  Plaintiff is proceeding on an

26    amended complaint filed on January 13, 2021.  (ECF No. 28.)  Generally, the amended complaint

27    alleges that on August 9, 2020, defendants Seth Killion and Aleix Venikov, "initiated an

28    interaction with plaintiff" in a parking lot in West Sacramento, as "officers with the West

                                                   1

Sacramento Police Department[.]" (Am. Compl. (ECF No. 1) at 13.[1])  The defendants searched and seized plaintiff "[a]bsent either probable cause or reasonable suspicion[.]" (Id.)  Defendant Killion contacted Yolo County Child Welfare Services and made a "false report[.]" (Id.)  Defendants Killion, Venikov, and defendant Ashley Crouch, a Social Worker, subjected plaintiff's "three minor children to medical examinations without Plaintiff's consent, lawful warrant, or exigent circumstances." (Id. at 14-15.)

Defendant officer Erika Barajas later arrived at the scene.  (Id.)  The defendants submitted false reports.  (Id. at 15-18.)  Defendants Seth Killion and Eugene Williams had plaintiff sign a documents "under duress[.]" (Id. at 18.)  Defendant Angelina Acosta, a social worker for Yolo County Child Welfare Services met with plaintiff on August 11, 2020, and failed to provide "information required in WIC 307.4[.]" (Id. at 21.)

On February 8, 2021, defendants Hon. Tom M. Dyer, Judge of the Superior Court of California, County of Yolo (Superior Court), Hon. Stephen L. Mock, Judge of the Superior Court of California (Ret.), and Hon. Robert C. Fracchia, Judge of the Superior Court (Ret.), ("Judicial defendants"), filed a motion to dismiss.  (ECF No. 31.)  Plaintiff, however, filed a request to voluntarily dismiss these defendants, which was granted.  (ECF No. 42.)

On February 9, 2021, defendants Whitney Kulp, Marissa Nash, Anna Curry, Christina Beede, and Natalie Moore filed a motion to dismiss.  (ECF No. 32.)  On February 11, 2021, defendants Yolo County (sued as Yolo County Child Welfare Service and Yolo County Counsel), Rochelle Robinson, Nellie Evans, Angelina Acosta, Eugene Williams, Ashley Crouch, and Megan Callaway filed a motion to dismiss.  (ECF No. 33.)  That same day defendants Alexi Venikov, Seth Killion, and Erika Barajas also filed a motion to dismiss.  (ECF No. 34.)

On February 22, 2021, plaintiff filed a motion seeking leave to file a second amended complaint and a proposed second amended complaint.  (ECF Nos. 40 & 41.)  On March 8, 2021, plaintiff filed a request for voluntary dismissal of defendants Yolo County Counsel, Whitney Kulp, Marissa Nash, Anna Curry, Christina Beede, Megan Callaway and Natalie Moore.  (ECF

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

No. 43.)  This request will be granted.  On April 9, 2021, plaintiff filed oppositions to the motions to dismiss.  (ECF Nos. 44 & 45.)  Defendants filed replies on April 16, 2021.  (ECF Nos. 47 & 48.)  Defendants' motions to dismiss were taken under submission on April 19, 2021.  (ECF No. 49.)

**STANDARDS**

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

3

1    facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

2    not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

3    459 U.S. 519, 526 (1983).

4         In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

5    to consider material which is properly submitted as part of the complaint, documents that are not

6    physically attached to the complaint if their authenticity is not contested and the plaintiff's

7    complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

8    250 F.3d 668, 688-89 (9th Cir. 2001).

9                                  **ANALYSIS**

10   **I.      Defendants' Motions to Dismiss**

11        Review of defendants' motions to dismiss and the amended complaint finds that

12   defendants' motions must be granted and the amended complaint dismissed for several reasons.

13        **A.      Rule 8**

14        Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

15   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

16   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

17   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

18   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

19   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

20   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

21   557).  A plaintiff must allege with at least some degree of particularity overt acts which the

22   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

23        Here, the amended complaint begins by identifying the named defendants and then

24   asserting vague and conclusory allegations against them.  For example, the amended complaint

25   identifies "Defendants Seth Killion, Alexi Venikov, and Erika Barajas" as "officers with the West

26   Sacramento Police Department" and then asserts they "are responsible . . .  for the initiation and

27   continuance of Civil Rights violations caused upon Plaintiff."  (Am. Compl. (ECF No. 87) at 2-

28

4

3.[2])  After identifying the defendants and asserting vague and conclusory allegations against them the amended complaint proceeds to provide the factual allegations referenced above.  (Id. at 11-23.)

The amended complaint then asserts that the defendants engaged in a "CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS" before discussing the "POLICY AND PRACTICE" of Yolo County Child Welfare Services.  (Id. at 23-27.)  Thereafter, the amended complaint has a section stating, "CAUSES OF ACTION."  (Id. at 27.)  These causes of action are essentially asserted against all defendants without reference to any specific defendant or the factual allegations that state the elements of the identified cause of action.

In this regard, the amended complaint fails to give the defendants fair notice of the plaintiff's claims and fails to allege facts that state the elements of each claim plainly and succinctly.

**B.    Due Process**

"The Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies."  Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, 1107 (9th Cir. 2001).  "Government officials are required to obtain prior judicial authorization before intruding on a parent's custody of her child unless they possess information at the time of the seizure that establishes 'reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury.'"  Id. at 1106-07 (9th Cir. 2001) (quoting Wallis v. Spencer, 202 F.3d 1126, 1138 (9th Cir. 2000)).

"Officials, including social workers, who remove a child from its home without a warrant must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant."  Rogers v. County of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007).  Moreover, officials "are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  dependency petition affidavit that they signed under penalty of perjury[.]"  Beltran v. Santa Clara

2  County, 514 F.3d 906, 908 (9th Cir. 2008).

3  　　　　Here, the amended complaint does not clearly identify which defendant or defendants

4  violated plaintiff's right to due process, nor how that defendant violated plaintiff's right.  Instead,

5  the amended complaint alleges in a vague and conclusory manner that "the Defendants

6  deliberately withheld exculpatory evidence, as well as fabricated false reports and other

7  evidence[.]"  (Am. Compl. (ECF No. 28) at 28.)

8  　　　　**C.　　　False Imprisonment**

9  　　　　The amended complaint also alleges that "the Defendants . . . Caused Plaintiff's minor

10  children to be falsely imprisoned in foster care, in violation of their constitutional rights."  (Am.

11  Compl. (ECF No. 28) at 29.)  The right to represent oneself pro se is personal to the plaintiff and

12  does not extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008);

13  see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria

14  persona has no authority to represent anyone other than himself.")  Thus, "a parent or guardian

15  cannot bring an action on behalf of a minor child without retaining a lawyer."  Johns v. County of

16  San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

17  　　　　In this regard, plaintiff cannot allege a cause of action for violation of the constitutional

18  rights of plaintiff's minor children.

19  　　　　**C.　　　Equal Protection**

20  　　　　"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall

21  'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

22  direction that all persons similarly situated should be treated alike."  City of Cleburne, Tex. v.

23  Cleburne Living Ctr., 473 U.S. 432, 439 (1985); see also Lee v. City of Los Angeles, 250 F.3d

24  668, 686 (9th Cir. 2001).  To state a viable claim under the Equal Protection Clause, a plaintiff

25  "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an

26  inference of discriminatory intent."  Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022,

27  1026 (9th Cir. 1998).  "Intentional discrimination means that a defendant acted at least in part

28  ////

6

1  because of a plaintiff's protected status."  <u>Serrano v. Francis</u>, 345 F.3d 1071 (9th Cir. 2003)

2  (quoting <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994)).

3        Here the amended complaint does not allege intentional unlawful discrimination or allege

4  facts that are at least susceptible of an inference of discriminatory intent.  Instead, the amended

5  complaint simply alleges in a vague and conclusory manner that "one or more of the Defendants .

6  . . denied Plaintiff equal protection of the law" by participating in or causing the "minor

7  childrens' unwarranted removal[.]"  (Am. Compl. (ECF No. 28) at 30.)

8        **D.**      **Conspiracy 42 U.S.C. § 1985(3)**

9        A claim pursuant to 42 U.S.C. § 1985(3) must allege:

10
11
12
13
> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

14  <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992).  Moreover, the claim must

15  allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind

16  the conspirators' action."  <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971).

17        Here, the amended complaint simply alleges that "each of the Defendants conspired,

18  directly or indirectly, for the purpose of depriving Plaintiff of Equal Protection of the law."  (Am.

19  Compl. (ECF No. 28) at 30.)

20        **E.**      **Intentional Infliction of Emotional Distress**

21        A cause of action for intentional infliction of emotional distress exists when there is (1)

22  extreme and outrageous conduct by the defendant with the intention of causing, or reckless

23  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

24  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

25  the defendant's outrageous conduct."  <u>Hughes v. Pair</u>, 46 Cal.4th 1035, 1050 (Cal. 2009).

26        Here, the amended complaint simply alleges that the "acts and conduct of the Defendant

27  Officers'" conduct was "extreme and outrageous."  (Am. Compl. (ECF No. 28) at 31.)  This

28  allegation as pled, is not sufficient to sustain a cause of action.

1

### F.    Unlawful Search and Seizure

2         Although not identified as a cause of action the amended complaint does make vague

3   reference to "unlawful search" and seizure.  (Id. at 13-14.)  Plaintiff is advised that the Fourth

4   Amendment protects persons against "unreasonable searches and seizures."  U.S. Const. amend.

5   IV.  The Supreme Court "has stated 'the general rule that Fourth Amendment seizures are

6   'reasonable' only if based on probable cause' to believe that the individual has committed a

7   crime."  Bailey v. U.S., 133 S. Ct. 1031, 1037 (2013) (quoting Dunaway v. New York, 442 U.S.

8   200, 213 (1979)).  "[A]n arrest without probable cause violates the Fourth Amendment and gives

9   rise to a claim for damages under § 1983."  Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th

10  Cir. 2001) (quoting Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988)).

11        "Probable cause exists when officers have knowledge or reasonably trustworthy

12  information sufficient to lead a person of reasonable caution to believe that an offense has been or

13  is being committed by the person being arrested."  United States v. Lopez, 482 F.3d 1067, 1072

14  (9th Cir. 2007) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).  "Alternatively, this court has

15  defined probable cause as follows: when 'under the totality of circumstances known to the

16  arresting officers, a prudent person would have concluded that there was a fair probability that

17  [the defendant] had committed a crime.'"  Id. (citing United States v. Smith, 790 F.2d 789, 792

18  (9th Cir. 1986)) (alteration in original); see also Crowe v. County of San Diego, 608 F.3d 406,

19  432 (9th Cir. 2010) ("In determining whether there was probable cause to arrest, we look to the

20  totality of circumstances known to the arresting officers, to determine if a prudent person would

21  have concluded there was a fair probability that the defendant had committed a crime.").

22        "'While conclusive evidence of guilt is of course not necessary under this standard to

23  establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are

24  not enough.'"  Torres v. City of Los Angeles, 548 F.3d 1197, 1206-07 (9th Cir. 2008) (quoting

25  Lopez, 482 F.3d at 1072).  "Probable cause is lacking if the circumstances relied on are

26  susceptible to a variety of credible interpretations not necessarily compatible with nefarious

27  activities."  Gasho v. United States, 39 F.3d 1420, 1432 (9th Cir. 1994) (citations omitted).

28  "Although 'police may rely on the totality of facts available to them in establishing probable

8

cause, they also may not disregard facts tending to dissipate probable cause.'" Crowe, 608 F.3d at 433 (quoting United States v. Ortiz-Hernandez, 427 F.3d 567, 574 (9th Cir. 2005)).

Moreover, it is generally presumed a warrantless search is unreasonable, and therefore violates the Fourth Amendment, unless it falls within a specific exception to the warrant requirement.  Riley v. California, 134 S. Ct. 2473, 2482 (2014) (citing Kentucky v. King, 563 U.S. 452 (2011)).  "Warrantless searches by law enforcement officers 'are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'"  United States v. Cervantes, 703 F.3d 1135, 1138-39 (9th Cir. 2012) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)).

### G.   Monell

Although not alleged as a cause of action the amended complaint contains allegations concerning "Yolo County Child Welfare Services policies and procedures[.]"  (Am. Compl. (ECF No. 28) at 27.)  Plaintiffs is advised that "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates."  Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016).  In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

In order to allege a viable Monell claim against Yolo County plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'"  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be established.  See Clouthier, 591 F.3d at 1249-50.

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'"  Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to

implement procedural safeguards to prevent constitutional violations" or fails to adequately train

its employees. Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir.

1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that

"the need for more or different training [was] so obvious, and the inadequacy so likely to result in

the violation of constitutional rights, that the policymakers . . . can reasonably be said to have

been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390

(1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose

liability against a county for its failure to act, a plaintiff must show: (1) that a county employee

violated the plaintiff's constitutional rights; (2) that the county has customs or policies that

amount to deliberate indifference; and (3) that these customs or policies were the moving force

behind the employee's violation of constitutional rights.").  "Third, a local government may be

held liable under § 1983 when 'the individual who committed the constitutional tort was an

official with final policy-making authority' or such an official 'ratified a subordinate's

unconstitutional decision or action and the basis for it.'"  Clouthier, 591 F.3d at 1250 (quoting

Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of

a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and

to enable the opposing party to defend itself effectively.'"  AE ex rel. Hernandez v. Cty. of

Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ]

how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm,

and reflect[ ] how the policy/custom amounted to deliberate indifference[.]"  Young v. City of

Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936,

957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the

specific content of the municipal entity's alleged policy or custom.").

Plaintiff has failed to plead a Monell violation.

**II.     Leave to Amend**

For the reasons stated above, defendants' motions to dismiss will be granted and

10

plaintiff's amended complaint dismissed.  The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Given the vague and conclusory nature of the allegations found in the amended complaint the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile.  Plaintiff's amended complaint will be dismissed, and plaintiff will be granted leave to file a third amended complaint.[3]  Plaintiff is cautioned, however, that if plaintiff elects to file a third amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The third amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in the third amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include

---

[3] Although plaintiff has filed a proposed second amended complaint, that was done prior to the request to dismiss several defendants and without the guidance provided by this order. Accordingly, plaintiff will be giving the opportunity to file a third amended complaint.

concise but complete factual allegations describing the conduct and events which underlie

plaintiff's claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' February 9, 2021 motion to dismiss (ECF No. 32) is granted;

2. Defendants' February 11, 2021 motion to dismiss (ECF No. 33) is granted;

3. Defendants' February 11, 2021 motion to dismiss (ECF No. 34) is granted;

4. Plaintiff's request to dismiss defendants Yolo County Counsel, Whitney Kulp, Marissa Nash, Anna Curry, Christina Beede, Megan Callaway, and Natalie Moore is granted and those defendants are dismissed without prejudice;

5. The amended complaint filed January 13, 2021, (ECF No. 28) is dismissed with leave to amend;

6. Within twenty-eight days from the date of this order, a third amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[4]   The third amended complaint must bear the case number assigned to this action and must be titled "Third Amended Complaint";  and

7. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  June 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/shipley2262.mtd.ord

---

[4] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

12